## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN MARRAZZO<br>731 Parker Street<br>Langhorne, PA 19047 | **CIVIL ACTION**<br><br>No.: _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| MARQUIS AUTO RESTORATIONS, LLC<br>10085 Sandmeyer Lane<br>Philadelphia, PA 19116<br>and<br>JIM KLOTZ<br>c/o Marquis Auto Restorations, LLC<br>10085 Sandmeyer Lane<br>Philadelphia, PA 19116<br>and<br>ALAN LEWENTHAL<br>c/o Marquis Auto Restorations, LLC<br>10085 Sandmeyer Lane<br>Philadelphia, PA 19116 | |
| Defendants. | |

## CIVIL ACTION COMPLAINT

Plaintiff, Steven Marrazzo (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.       Introduction

1.       Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*) and applicable state law(s).  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.    Jurisdiction and Venue

2.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.    This Court may properly maintain personal jurisdiction over Defendants because of their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.    Parties

5.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.    Plaintiff is an adult individual with an address as set forth above.

7.    Defendant Marquis Auto Restorations, LLC (hereinafter "Defendant Entity") is a private company that owns and operates an automobile body and paint shop in Philadelphia, PA.

8.    Defendant Jim Klotz (hereinafter "Defendant Klotz") is upon information and belief a high-level manager of Defendant Entity who oversees daily operations, manages

operations, and who exercises authority and control over the terms and conditions of employees including but not limited to terms of compensation, wages and pay of employees.

9.     Defendant Alan Lewenthal (hereinafter "Defendant Lewental") is upon information and belief the owner of Defendant Entity who retains absolute authority over business decisions, operations, and who exercises authority and control over the terms and conditions of employees including but not limited to terms of compensation, wages and pay of employees.[1]

10.    At all times relevant herein, Defendants[2] acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV.    Factual Background

11.    The foregoing paragraphs are incorporated herein as if set forth in full.

12.    Plaintiff was hired to work for Defendants on or about June 8, 2015 as an auto body prepper / paint technician.

13.    While employed with Defendants, Plaintiff did not supervise employees, have the ability to hire or terminate employees, and did not evaluate employees or perform typical supervisory functions.

14.    Additionally, while employed with Defendants, Plaintiff did not make decisions for Defendants concerning matters related to operating the business, such as entering into binding contracts, advertising matters, or other fiscal matters.

---

[1] Defendant Klotz and Defendant Lewenthal are hereinafter collectively referred to as "Defendant Individuals" unless indicated otherwise.

[2] Defendant Entity, Defendant Klotz, and Defendant Lewenthal are hereinafter collectively referred to as "Defendants" unless indicated otherwise.

15.    Plaintiff was not required to have an advanced degree and performed primarily manual labor during his employment with Defendants.

16.    Plaintiff merely performed routine painting/prepping duties for Defendants on a daily basis and did not exercise any meaningful discretion in the performance of his job.

17.    Plaintiff was also compensated for his work with Defendants at a rate of $15 per hour.

18.    Plaintiff often worked 2-10 hours of overtime (in excess of forty hours per week) per week when employed with Defendants.

19.    Despite working in excess of forty hours per week, Plaintiff was never compensated at an overtime rate (one and one half times his hourly rate).

20.    Plaintiff asked Defendant Klotz and Defendant Lewenthol on multiple occasions why he was not being paid overtime and was told simply that Defendant Entity could not afford overtime.

21.    Defendant Klotz even told Plaintiff, "you can come in and work OT, but we can't afford to pay you for it."

22.    Defendants' management would also deduct lunch periods from Plaintiff's pay although Plaintiff rarely took lunch breaks and would usually work through such scheduled lunch breaks.

23.    While employed with Defendants, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half but never received such payments.

24.    Plaintiff also improperly had lunch periods deducted from his pay even though he actually performed work instead of taking such breaks.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**-Against All Defendants-**

25.     The foregoing paragraphs are incorporated herein as if set forth in full.

26.     Upon information and belief, Defendant Entity generates in excess of $500,000 per year in gross revenue.

27.     At all times relevant herein, Defendants are, and continue to be, "employers" within the meaning of the FLSA.

28.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

29.     The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

30.     At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

31.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

32.     Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

33.     As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

34.     Defendant Individuals are personally liable because they are owners/managers of Defendant Entity and are responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Individuals are also responsible for perpetuating unlawful payroll practices and ratifying same.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Wages)**
**-Against All Defendants-**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     At all times relevant herein, Defendants are, and continue to be, "employers" within the meaning of the PMWA.

37.     At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the PMWA.

38.     The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

39.     At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

40.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

41.     Defendants failed to pay Plaintiff time and one half for all hours that he worked over 40 each workweek.

42.     Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

43.     Defendant Individuals are personally liable because they are owners/managers of Defendant Entity and are responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Individuals are also responsible for perpetuating unlawful payroll practices and ratifying same.

**Count III**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. 260.3(a)-(b))**
**-Against All Defendants-**

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services he performed during his employment.

46.     Defendants failed to compensate Plaintiff for all wages owed during his employment.

47.     Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked before his scheduled start time, after hours, and on weekends).

48.     These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

49.     Defendant Individuals are personally liable because they are owners/managers of Defendant Entity and are responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Individuals are also responsible for perpetuating unlawful payroll practices and ratifying same.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation.

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 18, 2016

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Steven Marrazzo                  :        CIVIL ACTION
                                 :
v.                               :
                                 :
Marquis Auto Restorations, LLC, et al.   :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X )

| | | |
|---|---|---|
| 5/23/2016 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 731 Parker Street, Langhorne, PA 19047

Address of Defendant: 10085 Sandmeyer Lane, Philadelphia, PA 19116

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Ari R. Karpf , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 5/23/2016    Attorney-at-Law    ARK2484    Attorney I.D.# 91538
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/23/2016    Attorney-at-Law    ARK2484    Attorney I.D.# 91538

CIV. 609 (5/2012)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARRAZZO, STEVEN

**DEFENDANTS**

MARQUIS AUTO RESTORATIONS, LLC, ET AL.

(b) County of Residence of First Listed Plaintiff **Bucks**

County of Residence of First Listed Defendant **Philadelphia**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act "FLSA" (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)  (See instructions):

JUDGE                                    DOCKET NUMBER

Explanation:

5/23/2016

DATE

SIGNATURE OF ATTORNEY OF RECORD

[ Print ]  [ Save As... ]  [ Export as PDF ]  [ Retrieve PDF File ]  [ Reset ]